PATRICK J. FLAHERTY *vs.* MAINE MOTOR CARRIAGE COMPANY.

Cumberland.    Opinion February 21, 1920.

*Auditor's report.    Set-off.*

This was an action on a contract.    On March 2, 1912, the plaintiff purchased from the defendant a motor truck paying therefor one thousand dollars in cash, and giving a Holmes note to secure the balance due of twenty-four hundred dollars, which was to be paid in monthly payments of two hundred dollars each.

In October 1912, the truck was taken back by the defendant for default in the payments, and two years later this action was brought, the plaintiff alleging that the truck was defective in its construction and claiming a breach of an implied warranty and a recovery of the money paid.

The jury returned a verdict for the plaintiff and the case is before the court on the defendant's exceptions, and a general motion for a new trial.

The defendant's counsel at the close of the charge of the presiding Justice requested an instruction that the balance due upon the plaintiff's notes held by the defendant should be set-off in this action.    The presiding Justice declined to so instruct the jury.

*Held:*

1.   We think the refusal to instruct was correct.    The note was not included in the set-off, and was in no legal sense a matter of set-off in this action.    The presiding Justice in his charge to the jury very carefully explained the legal effect of the note, and the foreclosure proceedings.    The refusal to instruct did not, therefore, injure the defendant or deprive him of any legal right.

2.   A careful study of the evidence fails to satify us that the verdict is manifestly wrong.

Action for breach of contract in the sale of an auto truck.    Defendant filed plea of general issue.    Verdict for plaintiff in the sum of $762.09.    Exceptions filed by defendant to certain rulings of court.    Judgment in accordance with opinion.

Case stated in opinion.

*D. A. Meaher,* for plaintiff.

*Chapman & Brewster,* for defendant.

SITTING:   CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, JJ.

HANSON, J. This was an action on a contract. On March 2, 1912, the plaintiff purchased from the defendant a motor truck, paying therefor one thousand dollars in cash, and giving a Holmes note to secure the balance due of twenty-four hundred dollars, which was to be paid in monthly payments of two hundred dollars each.

In October, 1912, the truck was taken back by the defendant for default in the payments, and two years later this action was brought, the plaintiff alleging that the truck was defective in its construction and claiming a breach of an implied warranty and a recovery of the money paid.

The jury returned a verdict for the plaintiff, and the case is before the court on the defendant's exceptions, and a general motion for a new trial.

The case required the appointment of an auditor, who was commissioned by agreement of the parties, with the stipulation that he should hear the parties, examine the vouchers and proof, and state the accounts in the case, and in addition to the account annexed to the writ, to examine all items of account between the parties as if all such had been included in the writ.

Under this stipulation the auditor considered and determined the amount due on the plaintiff's note for $2400 held by the defendant, which was not directly included in defendant's set-off, but was comprehended in the charge in the set-off for "One Pope Hartford 3 ton truck as per contract $3400."

The auditor's report was accepted by the court and was not attacked by either party at the trial.

*Exceptions.* The defendant's counsel at the close of the charge of the presiding Justice requested an instruction that the balance due upon the plaintiff's notes held by the defendant should be set-off in this action. The presiding Justice declined to so instruct the jury.

We think the refusal to instruct was correct. The note was not included in the set-off, and was in no legal sense a matter of set-off in this action. The presiding Justice in his charge to the jury very carefully explained the legal effect of the note, and the foreclosure proceedings. The refusal to instruct did not, therefore, injure the defendant or deprive him of any legal right.

MOTION: A careful study of the evidence fails to satisfy us that the verdict is manifestly wrong.

*Exceptions overruled.*
*Motion overruled.*